OBERTEUFFER and others *v.* HARWOOD, and PETIT, Garnishee.

*(District Court, D. Minnesota.  ——, 1881.)*

1. GARNISHMENT—INTERROGATION OF GARNISHEE.
    A garnishee may be required to answer questions tending to show that he was party to a fraudulent assignment by the defendant in the suit.—[ED.

NELSON, D. J. The garnishee declines to answer certain questions, under the advice of his counsel, for the reason "that the line of inquiry has nothing to do with garnishee proceedings," and the design is "to furnish information bearing on other litigation."

The object of the garnishee proceedings is to reach prop-

erty of the debtor. It is ancillary to the original suit, and is a mode of attaching property to secure any judgment obtained against the principal defendant. A response is required to all questions tending to draw out facts that would disclose property in the possession of the garnishee which might render him liable. To this extent the inquiry may go. Whether the questions propounded are proper or not must depend upon the circumstances of each case, and no particular rules, universally applicable, can be laid down. Every question tending to further the object of the examination is material and proper.

The examination in this case shows a general assignment to the garnishee by the defendant for the benefit of creditors, and he expresses the opinion that he "had at the time of the service of the garnishee summons no property of the defendant in my possession or under my control." Such general answer is not the extent to which inquiry may go with reference to such assignment. The plaintiffs are entitled to answers to all questions which might show the garnishee a party to a fraudulent assignment. If upon "full disclosure" it should appear that the garnishee had no property, money, or effects of the defendant in his possession or control, then, if the plaintiffs desire to attack the assignment for the reason that, in their opinion, it is void, they must pursue the course pointed out in section 174, p. 735, Young's Statutes of Minnesota.

The garnishee must answer the interrogatories. See Drake on Attachments, § 650, and authorities cited.